Frank S. McCullough, J.
This is a habeas corpus proceeding brought by an attorney on behalf of the mother of two children whose custody had been awarded to the father pursuant to a Mexican divorce decree. Said decree incorporated the provisions of a separation agreement which provided that the husband should have the sole care and custody of the said children. The jurisdiction of the court has been questioned by the husband’s attorneys by reason of the manner of service of the writ.
The father resides in Westchester County with the children. The mother is a resident of Boston, Massachusetts. It appears *228 that on June 22, 1965 the father and the two children left from Kennedy Airport for California to spend a prearranged vacation with the children’s grandmother.
The affidavit of service recites that on June 22,1965 the process server served a copy of the writ and the attached petition upon the husband by leaving said papers with the husband’s housekeeper ‘‘ since Mr. Hernried himself could not with due diligence be found, or was concealing himself.”
CPLR 7005 provides in part: “ § 7005. Service of the writ. A writ of habeas corpus may be served on any day. Service shall be made by delivering the writ and a copy of the petition to the person to whom it is directed. If he cannot with due diligence be found, the writ may be served by leaving it and a copy of the petition with any person who has custody of the person detained at the time. Where the person to whom the writ is directed conceals himself or refuses admittance, the writ may be served by affixing it and a copy of the petition in a conspicuous place on the outside either of his dwelling or of the place where the person it detained.” The petitioner cites People ex rel. Kniffin v. Knight (184 Misc. 545). The court does not find the cited case applicable, nor does the statute appear to authorize the manner of service used under the circumstances of the instant case. It does' not appear that the housekeeper was the person who had custody of the children at the time of service. Nor is there any indication that the father had concealed himself or refused admittance. Moreover, the court notes that this is not a case where the person having physical custody has absconded with the children or violated the terms of any prior order of any court. Rather, it is a situation wherein the father concededly had legal custody.
Accordingly, the writ is dismissed.